UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FREDKIEY HURLEY**, individually,

           **Plaintiff,**

v.

**NEW HON WONG RESTAURANT INC. d/b/a NEW HON WONG RESTAURANT**, a New York for profit corporation, and **EGLISAU CANAL REALTY LLC** a New York for profit corporation,

           **Defendants.**
_____

Case No. _____

## COMPLAINT

Plaintiff, FREDKIEY HURLEY, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, regulations, rules, and governing legal authorities files the instant Complaint against Defendant NEW HON WONG RESTAURANT INC. d/b/a NEW HON WONG RESTAURANT and EGLISAU CANAL REALTY LLC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

1

I.  **Jurisdiction**

1. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (hereinafter "ADA"). *See* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff FREDKIEY HURLEY is an individual with a disability as defined by the ADA.

3. Plaintiff FREDKIEY HURLEY is seeking injunctive relief pursuant to the ADA.

4. Plaintiff FREDKIEY HURLEY is also seeking to recover attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

5. The violative property is located in New York County 244 Canal Street, New York 10013 (hereinafter "Property"). Defendant EGLISAU CANAL REALTY LLC is the record owner/landlord of the Property.

6. The Property is being operated as a food service establishment thus qualifying as a "place of public accommodation (*see* 28 CFR 36.201(a))."

7. Defendant NEW HON WONG RESTAURANT INC. d/b/a NEW HON WONG RESTAURANT (hereinafter "NEW HON WONG

RESTAURANT") is the tenant on the Property operating this food service establishment.

8. Venue properly lies in the Southern District of New York, which is the federal judicial district in which the property is located and on which the violative establishment is conducting business.

## II.   ADA Ensures Reasonable Access For Individuals with Disabilities

9. Notice prior to initiating suit is not mandated by the ADA.

10. All conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing since enactment of the ADA.

11. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

12. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible complying with these federal Accessibility Standards.

### III. Defendants' Violations of ADA Accessibility Standards:

13. Defendants have and are continuing to violate the Accessibility Standards by failing to provide accessible facilities since the passage of the ADA.

14. These violations infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

15. When Plaintiff HURLEY was visiting NEW HON WONG RESTAURANT he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals.

16. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at NEW HON WONG RESTAURANT equal to those afforded to other individuals.

17. Defendants, therefore, are discriminating against Plaintiff and other similarly situated disabled individuals.

18. As a result of Defendants ADA non-compliance, Plaintiff HURLEY is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public.

19. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

### IV. Plaintiff Qualifies As An Individual with a Disability Under the ADA

20. Plaintiff HURLEY suffers from a relatively rare genetic developmental congenital disorder, spina bifida cystica with myelomeningocele.

21. Plaintiff HURLEY'S disorder causes him severe and debilitating paralysis. There is currently no known, affordable cure available.

22. Plaintiff HURLEY is permanently disabled and confined to a wheelchair as a result of his disorder, which he contracted at birth.

23. Plaintiff HURLEY resides in Manhattan, New York.

24. Plaintiff HURLEY also has family members who live in in upper Manhattan and Brooklyn. All of his family members are able-bodied individuals who are able to and do provide him with assistance.

25. Plaintiff HURLEY is the only member of his immediate family to have contracted spina bifida.

26. Plaintiff HURLEY often goes out with his friends to socialize and meet new and interesting people. He is a young, single man, age twenty-six (26).

27. Plaintiff HURLEY travels to many places locally using only his wheelchair.

28. However, Plaintiff HURLEY may also commute using the MTA/New York City Transit Bus System.

## IV. Inspection of NEW HON WONG RESTAURANT Establishes ADA Non-compliance

29. The present violations at Defendant's facility threaten Plaintiff's safety.

30. An inspection of NEW HON WONG RESTAURANT reveals the following architectural barriers to access precluding Plaintiff, as an individual who is confined to a wheelchair, from reason able accessing the goods and services offered to able-bodied persons:

   a. Inaccessible entrance as existing step at entrance acts as a barrier to accessibility without required ramp;
   b. required minimum maneuvering clearance not provided at first of two entrance doors in series;
   c. required minimum space not in vestibule between the two entrance doors in series;
   d. required minimum maneuvering clearance not provided at second of two entrance doors in series;
   e. compliant signage identifying the restroom not provided as required;
   f. required minimum maneuvering clearance not provided at restroom door;
   g. rise in floor level at restroom door threshold acts as a barrier to accessibility;
   h. required ramp not provided for rise in floor level at restroom door threshold;
   i. non-compliant door knob at restroom door requires twisting of the wrist;
   j. inaccessible water closet as required minimum clear floor space not provided at water closet;
   k. non-compliant distance of water closet from side wall;
   l. non-compliant grab bar at rear wall of water closet does not meet minimum length requirement;
   m. inaccessible toilet paper dispenser as location is non-compliant distance of toilet paper dispenser from water closet;
   n. inaccessible lavatory as required minimum clear floor space not provided at lavatory;
   o. non-compliant faucet knobs at lavatory require twisting of the wrist;

      p. insulation of pipes under lavatory not provided as required;
      q. inaccessible paper towel dispenser and mirror as mounted heights exceed maximum height allowance;
      r. inaccessible mirror located above lavatory;
      s. non-compliant mounted height of mirror exceeds maximum height allowance;
      t. failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

31. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

## V. Returning to NEW HON WONG RESTAURANT Before All Violations Are Remedied May Threaten Plaintiff HURLEY'S Physical Safety

32. As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist.

33. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

34. Plaintiff plans on returning to NEW HON WONG RESTAURANT to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

35. However, Plaintiff may require assistance from an able-bodied individual upon returning to ensure his physical safety is not needlessly threated by Defendant's ongoing non-compliance.

## VI.  CLAIMS

### A.  Declaration of ADA Violations by Defendant

36. When Plaintiff HURLEY visited NEW HON WONG RESTAURANT he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 30.

37. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

38. Defendant denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

39. As a result of Defendant being in continuous violation of Title III of the ADA Plaintiff HURLEY has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

40. A declaration that Defendant was in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants compliance with the law.

41. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable

access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

### B.   ADA Violations Requiring Injunctive Relief

42. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth specifically herein.

43. NEW HON WONG RESTAURANT is being operated as a place of public accommodation in violation of ADA on Defendant EGLISAU CANAL REALTY LLC's Property.

44. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 30 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

45. Defendant continues to discriminate against Plaintiff and those similarly situated by operating NEW HON WONG RESTAURANT and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

46. Modifications in Defendant NEW HON WONG RESTAURANT's practices, policies and procedures are necessary to afford all offered goods, services,

facilities, privileges, advantages and/or accommodations to individuals with disabilities.

47. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

48. Plaintiff is suffering true and actual harm by Defendant NEW HON WONG RESTAURANT operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

49. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

50. Plaintiff is without any adequate remedy and law.

51. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

52. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant;

    b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

### c. Liability of Property Owner for ADA Violations on Property

53. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth specifically herein.

54. Defendant EGLISAU CANAL REALTY LLC is the documented owner of the Property on which Defendant NEW HON WONG RESTAURANT is operating a place of public accommodation violating the Accessibility

Standards by permitting discriminatory treatment of persons confined to wheelchairs.

55. Individuals confined to wheelchairs, including Plaintiff HURLEY have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 20. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

56. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

57. The structural impediments set forth in paragraph 18 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

58. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

59. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

60. Plaintiff is without any adequate remedy and law.

61. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

62. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    d. Injunctive relief against Defendant;

    e. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

  f. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on August 21, 2016.

    **By: /s/ Tara Demetriades**
    Tara Demetriades, Esq.
    New York Bar No. 4185666

    **ADA Accessibility Associates**
    1076 Wolver Hollow Road
    Oyster Bay, New York 11771
    E: TDemetriades@Aol.com
    T: (516) 595-5009